```
               IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF KANSAS
```

**FRED J. HUTT, SR.,**

                **Plaintiff,**

      v.                                      **CASE NO. 05-3476-SAC**

**ROGER WERHOLTZ, et al.,**

                **Defendants.**

### O R D E R

Plaintiff, a prisoner incarcerated in Lansing Correctional Facility in Lansing, Kansas, proceeds pro se on a complaint seeking declaratory judgment and damages under 42 U.S.C. § 1983. By an order dated January 11, 2006, the court directed plaintiff to supplement the record with a form complaint, and with information or documentation showing plaintiff's full exhaustion of administrative remedies. Having reviewed plaintiff's response, the court finds the supplemented complaint should be dismissed.

To seek relief in federal court for the alleged violation of his constitutional rights, plaintiff must first demonstrate his full exhaustion of administrative remedies. 42 U.S.C. § 1997e(a). *See* Porter v. Nussle, 534 U.S. 516, 524 (2002)("exhaustion in cases covered by § 1997e(a) is now mandatory"). Prisoners are required to exhaust available administrative remedies prior to filing an action in federal court even where such remedies appear futile at providing the kind of remedy sought. Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002). *See* Booth v. Churner, 532 U.S. 731, 741 n. 6 (2001)("futility or other exceptions" are not to be read into the

exhaustion requirement imposed by § 1997e(a)).  "[T]he substantive meaning of § 1997e(a) is clear: resort to a prison grievance process must precede resort to a court."  Steele v. Fed. Bureau of Prisons, 355 F.3d 1204, 1207 (10th Cir. 2003)(*quotation marks and citation omitted*).

In the present case, plaintiff's allegations center on the alleged denial of appropriate medical care while he was confined in the Kansas Department of Corrections Reception and Diagnostic Unit (RDU) at El Dorado Correctional Facility (EDCF) for 30 days. Plaintiff alleges RDU medical staff failed to provide him with a breathing machine for his sleep apnea, and failed to properly assess and treat plaintiff's medical needs.  Plaintiff documents various medical request and three "emergency" administrative grievances. The only administrative response provided or cited, however, is a response by the EDCF warden to one of these grievances.  Because there is no showing that plaintiff sought administrative review by the Kansas Secretary of Corrections on any of the grievances, plaintiff has not satisfied his burden of demonstrating full exhaustion of administrative remedies on all claims asserted in the complaint.  *See* Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1210 (10th Cir. 2003)(pleading requirement imposed by 1997e(a) requires a prisoner to attach a copy of applicable administrative dispositions to the complaint, or to "describe with specificity the administrative proceeding and its outcome"), *cert. denied* 543 U.S. 925 (2004).  The court thus concludes the complaint should be dismissed without prejudice.

2

IT IS THEREFORE ORDERED that the complaint as supplemented is dismissed without prejudice, 42 U.S.C. § 1997e(a).

IT IS FURTHER ORDERED that plaintiffs' motion for leave to proceed in forma pauperis (Doc. 2) and motion for appointment of counsel (Doc. 3) are denied as moot.

**IT IS SO ORDERED.**

DATED:  This 7th day of March 2006 at Topeka, Kansas.

s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge