IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FRED J. HUTT, SR.,**

                  **Plaintiff,**

      **v.**                                 **CASE NO. 05-3476-SAC**

**ROGER WERHOLTZ, et al.,**

                  **Defendants.**

**O R D E R**

Plaintiff, a prisoner in the custody of the Kansas Department of Corrections, proceeds pro se on a supplemented complaint[1] seeking declaratory judgment and damages under 42 U.S.C. § 1983. By an order dated March 7, 2006, the court dismissed the supplemented complaint without prejudice pursuant to 42 U.S.C. § 1997e(a). Before the court is plaintiff's motion for reconsideration, filed March 21, 2006.

*Motion for Reconsideration*

Plaintiff challenges the correctness of the judgment entered in this matter and filed his motion within ten days of entry of judgment,[2] thus his motion is considered as a motion to alter and amend under Rule 59 of the Federal Rules of Civil Procedure. Van

---

[1] As directed by the court, plaintiff supplemented his original pleading with a complaint prepared on a court approved form. *See* D.Kan.Rule 9.1(a)(court approved form to be used by prisoner seeking relief under 42 U.S.C. § 1983).

[2] *See* Fed.R.Civ.P. 6(a)(computation of periods of time less than ten days).

Skiver v. U.S., 952 F.2d 1241, 1243 (10th Cir. 1991), *cert. denied* 506 U.S. 828 (1992).

The court dismissed plaintiff's supplemented complaint pursuant to the "total exhaustion" rule in Ross v. County of Bernalillo, 365 F.3d 1181 (10th Cir. 2004), which required dismissal of a prisoner complaint without prejudice if it contained a mixture of a mixture of exhausted and unexhausted claims.[3] Although plaintiff makes no showing that application of this controlling circuit precedent was inappropriate when the supplemented complaint was dismissed, the "total exhaustion" rule in Ross was recently abrogated by the United States Supreme Court. Jones v. Bock, __ U.S. __, __ S.Ct. __, 2007 WL 135890 (U.S. January 22, 2007).

A Rule 59(e) motion to alter or amend judgment provides the court an opportunity to consider a change in the law.[4] In light of Jones, the court finds it appropriate to grant plaintiff's motion and set aside the dismissal without prejudice of plaintiff's supplemented complaint, the denial of plaintiff's motion for leave to proceed in forma pauperis, and the denial of plaintiff's motion for appointment of counsel.

*28 U.S.C. § 1915 Motion*

Plaintiff has not paid the district court filing fee required by 28 U.S.C. § 1914, and instead seeks leave to proceed in forma

---

[3] The court also denied as moot plaintiff's motions for leave to proceed in forma pauperis and motion for appointment of counsel.

[4] *See* Torre v. Federated Mut. Ins. Co., 862 F.Supp. 299, 300 (D.Kan. 1994)(a motion to alter or amend provides the court with an opportunity to correct manifest errors of law or fact, hear newly discovered evidence, or consider a change in the law).

pauperis under 28 U.S.C. § 1915. Pursuant to 28 U.S.C. § 1915(b)(1), the court is required to assess an initial partial filing fee of twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the date of filing of a civil action. Having examined the records for that relevant period, the court assesses an initial partial filing fee of $14.00, twenty percent of plaintiff's average monthly deposit, rounded to the lower half dollar. If granted leave to proceed in forma pauperis, plaintiff will be obligated to pay the remainder of the $250.00 district court filing fee[5] in this civil action, through payments from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).

*28 U.S.C. § 1915A Screening*

Because plaintiff is a prisoner, the court is required to screen the supplemented complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b).

Plaintiff seeks damages on allegations that he was denied appropriate medical care while confined in the Kansas Department of Corrections Reception and Diagnostic Unit (RDU) at El Dorado Correctional Facility (EDCF) for 30 days.[6] Plaintiff alleges RDU

---

[5] Plaintiff initiated this action prior to the district court filing fee being increased to $350.00, effective April 9, 2006.

[6] Plaintiff also seeks a declaratory judgment, but such relief was rendered moot by plaintiff's transfer from RDU before plaintiff

medical staff failed to provide him with a "C-PAP" breathing machine for his sleep apnea, and failed to properly assess and treat plaintiff's medical needs. The defendants named in the supplemented complaint are the Kansas Secretary of Corrections, the EDCF Warden, and EDCF-RDU medical officials.

To allege a valid claim under 42 U.S.C. § 1983, the plaintiff must assert the denial of a right, privilege or immunity secured by federal law. Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970); Hill v. Ibarra, 954 F.2d 1516, 1520 (10th Cir. 1992). It is well recognized that prison officials violate the Eighth Amendment when they are deliberately indifferent to a prisoner's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976); Garrett v. Stratman, 254 F.3d 946, 949 (10th Cir. 2001). However, negligence in the diagnosis or treatment of a medical condition does not state a valid claim under the Eighth Amendment. Estelle, 429 U.S. at 105-06. Nor does delay in medical care constitute an Eighth Amendment violation absent a showing the delay resulted in substantial harm, namely a "lifelong handicap, permanent loss, or considerable pain." Garrett, 254 F.3d at 950.

In the present case, plaintiff specifically asserts the medical care he received at RDU was not equal to or better than the care he was receiving prior to his incarceration. He complains that Dr. Jones' medical evaluation was incomplete, and that RDU staff

---

initiated this action. See Martin v. Sargent, 780 F.2d 1334 (8th Cir. 1985)(claim for injunctive relief moot if no longer subject to conditions). See also, Cox v. Phelps Dodge Corp., 43 F.3d 1345, 1348 (10th Cir. 1994)(declaratory relief subject to mootness doctrine).

erroneously assessed plaintiff's sleep apnea as not presenting a life threatening condition.  Plaintiff provides an administrative narrative by an RDU Nurse, however, which states that plaintiff was examined by Dr. Jones the day following plaintiff's admission to RDU, and that Dr. Jones addressed plaintiff's complaints of a heart condition, sleep apnea, weakness and shoulder pain by issuing braces and extra pillows, and by prescribing medication for plaintiff's pain and management of plaintiff's blood pressure and heart condition.

Plaintiff's allegations of negligence and his disagreement with the medical care provided during his brief stay in RDU fail to establish any deliberate indifference by RDU medical staff to plaintiff's medical needs.  Nor does plaintiff identify any serious physical injury that resulted in the temporary delay of his use of a "C-PAP" breathing machine.  The court thus finds the supplemented complaint is subject to being dismissed because plaintiff's allegations present no cognizable Eighth Amendment claim.

Additionally, plaintiff's claim for damages against the Secretary of Corrections and the EDCF Warden is subject to being dismissed because plaintiff alleges only that these individuals have authority and controlling power over RDU staff.  This is insufficient to state an actionable claim for relief.  Plaintiff fails to identify any personal participation by either defendant in the alleged violation of plaintiff's rights, and plaintiff may not rest on the doctrine of respondeat superior.  Rizzo v. Goode, 423 U.S. 362 (1976).  See e.g., Kite v. Kelley, 546 F.2d 334, 337 (10th

Cir. 1976)(before a superior may be held liable for the acts of an inferior, superior must hve participated or acquiesced in the constitutional deprivation).

Accordingly, the court directs plaintiff to show cause why the supplemented complaint should not be dismissed for the reasons stated herein.[7]  Plaintiff's motion for appointment of counsel is denied without prejudice.

IT IS THEREFORE ORDERED that plaintiff's motion to alter or amend judgment pursuant to Fed.R.Civ.P. 59(e) (Doc. 8) is granted, and that the order and judgment entered by the court on March 7, 2006, is set aside.

IT IS FURTHER ORDERED that plaintiff is to submit within thirty (30) days an initial partial filing fee of $14.00.  Any objection to this order must be filed on or before the date payment is due.  The failure to pay the fees as required herein may result in the dismissal of this action without prejudice.

IT IS FURTHER ORDERED that plaintiff is granted thirty (30) days to show cause why the supplemented complaint should not be dismissed as stating no claim for relief.

IT IS FURTHER ORDERED that plaintiff's motion for appointment of counsel (Doc. 3) is denied without prejudice.

---

[7]Plaintiff is advised the dismissal would as a "strike" under 28 U.S.C. § 1915(g), a "3-strike" provision which prevents a prisoner from proceeding in forma pauperis in bringing a civil action or appeal if "on 3 or more prior occasions, while incarcerated or detained in any facility, [the prisoner] brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

**IT IS SO ORDERED.**

DATED:   This 1st day of February 2007 at Topeka, Kansas.


　　　　　　　　　　　　　　　　　　s/ Sam A. Crow
　　　　　　　　　　　　　　　　　　SAM A. CROW
　　　　　　　　　　　　　　　　　　U.S. Senior District Judge